1  Clarissa A. Kang, No 210660
   Brian D. Murray, No 294100
2  TRUCKER ✦ HUSS
   One Embarcadero Center, 12th Floor
3  San Francisco, CA  94111
   Telephone:  (415) 788-3111
4  Facsimile:  (415) 421-2017
   E-mail:     ckang@truckerhuss.com
5              bmurray@truckerhuss.com

6  Attorneys for Defendant
   APPLE INC.
7

8

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12 | DAVID BARNES,                    | Case No.: 2:20-cv-01981-GW-MAAx
13 |              Plaintiff,          | **APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**
14 |     vs.                          |
15 | APPLE INC.                       |
16 |              Defendant.          | Date: April 9, 2020
17 |                                  | Time: 8:30 a.m.
                                      | Ctrm: 9D
18
                                      **[FED. R. CIV. P. 12(B)(6)]**
19

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 9, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu in the United States District Court, Central District of California, located in the United States Courthouse, 350 West 1st Street, Los Angeles, California, 90012, Courtroom 9D, 9th Floor, Apple Inc. ("Apple") will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiff David Barnes's Claim and Order to Go to Small Claims Court in its entirety, on the grounds that Plaintiff's sole state law claim is preempted under Sections 514(a) and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1144(a) and 1132(a).

Apple's Motion to Dismiss Plaintiff's Complaint will be based on this Notice of Motion and Motion to Dismiss Plaintiff's Complaint, the Memorandum of Points and Authorities filed concurrently herewith, the Request for Judicial Notice and exhibit(s) thereto filed concurrently herewith, on all pleadings and papers filed in this matter, and on such further argument as may be presented at the hearing on this Motion.

DATED: March 6, 2020             TRUCKER ✦ HUSS

By: /s/ Clarissa A. Kang
    Clarissa A. Kang
    Brian D. Murray
    Attorneys for Defendant
    APPLE, INC.

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS ....................................................................................... 1

III. ARGUMENT ............................................................................................................ 2

   A. Standards Governing Motions to Dismiss. ....................................................... 2

   B. Plaintiff's State Law Claim Should Be Dismissed Because His Claim Is Actionable, if at all, Only as a Claim Under ERISA § 502(a)(1)(B). ............. 3

IV. CONCLUSION ......................................................................................................... 6

# **TABLE OF AUTHORITIES**

Page No.

**Cases**

*Aetna Health Inc. v. Davila*,
542 U.S. 200 (2004) ............................................................................................. 3, 4

*Alessi v. Raybestos-Manhattan, Inc.*,
451 U.S. 504 (1981) .................................................................................................. 3

*Ashcroft v. Iqbal*,
556 U.S. 662 129 S.Ct. 1937 (2009) ....................................................................... 2

*Blau v. Del Monte Corp.*,
748 F.2d 1348 (9th Cir. 1984) ................................................................................. 5

*Fifth Third Bancorp v. Dudenhoeffer*,
134 S.Ct. 2459 (2014) .............................................................................................. 2

*Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ................................................................................. 2

*Hill v. Opus Corp.*,
841 F. Supp. 2d 1070 (C.D. Cal. 2011) ................................................................... 5

*Ileto v. Glock*,
349 F.3d 1191 (9th Cir. 2003) ................................................................................. 2

*Lea v. Republic Airlines, Inc.*,
903 F.2d 624 (9th Cir. 1990) ................................................................................... 5

*Metro. Life Ins. Co v. Taylor*,
481 U.S. 58 (1987) ................................................................................................... 4

*Metro. Life Ins. Co. v. Massachusetts*,
471 U.S. 724 (1985) ................................................................................................. 4

*Pilot Life Ins. Co. v. Dedeaux*,
 481 U.S. 41 (1987) .................................................................................................. 4

*Providence Health Plan v. McDowell*,
385 F.3d 1168 (9th Cir. 2004) ................................................................................ 5

*Sgro v. Danone Waters of North America, Inc.*,
532 F.3d 940 (9th Cir. 2008) .................................................................................. 5

*Somers v. Apple, Inc.*,
729 F.3d 953 (9th Cir. 2013) .................................................................................. 2

*Sorosky v. Burroughs Corp.*,
826 F.2d 794 (9th Cir. 1987) .................................................................................. 5

*Tingey v. Pixley–Richards West, Inc.*,
953 F.2d 1124 (9th Cir.1992) ................................................................................. 5

*Wise v. Verizon Commc'ns, Inc.*,
600 F.3d 1180 (9th Cir. 2010) ................................................................................ 5

*Zavala v. Trans-System, Inc.*, ............................................................................... 5
*258 Fed.Appx. 155 (9th Cir. 2007)* ........................................................................ 5

**Statutes**

ERISA § 3(2), 29 U.S.C. § 1002(2) ........................................................................ 1

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ............................................. 3, 4

ERISA § 502(a), 29 U.S.C. § 1132(a) ................................................................ 1, 3

ERISA § 514(a), 29 U.S.C. § 1144(a) ................................................................ 3, 4

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 1

## I. INTRODUCTION

Plaintiff David Barnes ("Plaintiff") is a former employee of Apple Inc. ("Defendant"), and a participant in the Apple Inc. Health and Welfare Benefit Plan (the "Plan"), within which short-term disability benefits are offered to eligible participants. Plaintiff initially filed two separate actions in the Small Claims Division of the Superior Court of California, County of Santa Barbara. In each action, Plaintiff asserts a single state law cause of action to recover $10,000 (the maximum amount recoverable in Small Claims Court) in connection with Defendant's denial of Plaintiff's claim for short-term disability ("STD") benefits under the Plan.[1] The Claim and Order to Go to Small Claims Court filed by Plaintiff in Case No. 19CV06711 (the "Complaint") is the subject of this Motion.[2]

The Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's sole state law cause of action is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan is an "employee pension benefit plan" as defined under ERISA § 3(2), 29 U.S.C. § 1002(2). Plaintiff's state law cause of action is actually a claim for STD benefits under the Plan. Consequently, Plaintiff could have (and was required to) bring this claim under ERISA's civil enforcement provisions, ERISA § 502(a), 29 U.S.C. § 1132(a). Plaintiff's sole claim for relief is completely preempted by ERISA, and the Complaint should be dismissed.

## II. STATEMENT OF FACTS

Plaintiff, a former Apple employee who terminated employment with Apple on August 27, 2019, alleges that Apple "denied my claim for *short term disability payment of my salary* for one month despite my claim being supported by my

---

[1] Plaintiff filed duplicative lawsuits concerning the same denial in an apparent effort to circumvent the $10,000 limit on recovery for actions filed before the Santa Barbara Small Claims Court. Code Civ. Proc. § 116.221.

[2] Plaintiff filed another complaint in the Santa Barbara County Superior Court (Case No. 19CV06713), which Defendant removed on February 28, 2020, and which was transferred to this Court on March 6, 2020, bearing Case No. 2:20-cv-01990 GW(MAAx). Now that both cases are before this Court, Apple respectfully requests that they be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

doctor, psychiatrist, and psychologist." Complaint, p. 2 (emphasis added).

The Plan, which is governed by ERISA, provides income replacement benefits to participants in the event of disability. Request for Judicial Notice ("RJN"), Ex. A, pp. 25-30, Ex. B, pp. 313, 315.[3]

Plaintiff filed the Complaint in the Small Claims Division of the Santa Barbara County Superior Court on December 20, 2019. Complaint, p. 1. In the Complaint, Plaintiff asserts a state law cause of action to recover $10,000 and alleges that "[t]he calculation is one month's salary from 2/12/19 – 3/12/19." Complaint, p. 2. Plaintiff further alleges that "[t]he actual total is $10,660.46." *Id.*

## III. ARGUMENT

### A. Standards Governing Motions to Dismiss.

District Courts are charged with carefully reviewing complaints in ERISA cases to separate the "plausible sheep from the meritless goats." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S.Ct. 2459, 2470-71 (2014). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 678, 129 S.Ct. 1937 (2009); see also *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a

---

[3] In deciding whether the Complaint fails to state a claim for which relief can be granted, the Court may properly consider the full text of documents that are attached to or referenced in the Complaint, and whose authenticity no party questions, without converting the motion to dismiss to a motion for summary judgment. *See Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *In Re Stac Electronics*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Plaintiff seeks to recover benefits under the Plan that Defendant denied. The Court may therefore properly consider the plan-governing documents in adjudicating this motion to dismiss. Defendant has attached the wraparound plan document and summary plan description for the Plan to the RJN as Exhibits A and B, respectively.

cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

### B. Plaintiff's State Law Claim Should Be Dismissed Because His Claim Is Actionable, if at all, Only as a Claim Under ERISA § 502(a)(1)(B).

Plaintiff's sole state law cause of action to recover $10,000 in STD benefits is preempted by ERISA and, therefore, should be dismissed. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions that are intended to ensure that employee benefit plan regulations are 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citation omitted) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). The first form of preemption arises under ERISA's civil enforcement provision, ERISA § 502(a), 29 U.S.C. § 1132(a). *See id* at 206-207. Under this first form of preemption, state causes of action falling within the scope of ERISA's remedial framework are preempted as conflicting with the intended exclusivity of ERISA's remedies, even if those causes of action would not necessarily be preempted by ERISA § 514(a). *See id*. The second form of preemption arises under ERISA § 514(a), 29 U.S.C. § 1144(a) and preempts any state laws which "relate to" an ERISA plan. *See id.* at 217. Plaintiff's state law claim for benefits is preempted under both forms of preemption and should be dismissed.

First, Plaintiff's state law claim against Defendant is preempted by ERISA § 502(a)(1)(B) because the claim "'duplicates, supplements, or supplants the ERISA civil enforcement remedy.'" *Los Angeles Sleep Studies Inst. v. Anthem Blue Cross Life & Health Ins. Co.*, No. LA CV14-03545 JAK, 2014 WL 5421044, at *3 (C.D. Cal. Oct. 23, 2014) (*quoting Davila*, 542 U.S. at 209) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" is preempted because it "conflicts with the clear congressional intent to make the ERISA remedy exclusive). ERISA § 502(a)(1)(B) provides a participant or

beneficiary with the right to bring a "civil action . . . to recover benefits due to him under the terms of his plan, to enforce rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132(a)(1)(B). The remedy provided by ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is exclusive, and any claim that could be brought under that section may not be brought in any other form. *See, e.g., Cleghorn*, 408 F.3d at 1227.

Plaintiff's claim is at its core a claim for benefits under ERISA § 502(a)(1)(B). *Metro. Life Ins. Co v. Taylor*, 481 U.S. 58, 62-64 (1987) (suit to recover benefits from an ERISA plan "falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes"). Plaintiff alleges that Defendant "denied my claim for **short term disability payment** of my salary for one month despite my claim being supported by my doctor, psychiatrist, and psychologist." Complaint, p. 2 (emphasis added); RJN, Ex. A, pp. 24-30, Ex. B, pp. 313, 315. The only possible basis for any such liability is the Plan itself.

Because the relief Plaintiff seeks in this lawsuit is payment of a benefit under the Plan, a claim under ) is the only available legal remedy, if Plaintiff is entitled to relief at all. Plaintiff's state law claim impermissibly duplicates or supplants his remedy under ERISA and is therefore preempted by ERISA and must be dismissed in its entirety. *Davila*, 542 U.S. at 209.

Second, Plaintiff's claim must also be dismissed because it is preempted under ERISA § 514(a), which expressly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan."[4] ERISA § 514(a), 29 U.S.C. § 1144(a). The Supreme Court has given the phrase "relates to" its "broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"

---

[4] Preemption under ERISA Section 502(a) *or* under ERISA § 514(a) requires dismissal of preempted claims. *See, e.g., Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007-08 (9th Cir. 1998) (dismissing plaintiff's state law claims as preempted under ERISA Section 514); *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129, 131-32 (9th Cir. 1993) (same).

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES;     4
CASE NO.: 2:20-cv-01981-GW-MAAx

6706038.4

*Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47 (1987) (*quoting Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)); *Bast*, 150 F.3d at 1007 ("In determining whether a state law relates to ERISA, a court must evaluate whether the state law has a connection with or reference to employee benefit plans."). When determining whether a claim "relates to" an ERISA plan, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004).

State law claims like Plaintiff's claim for damages are preempted by ERISA. *See, e.g., Sgro v. Danone Waters of North America, Inc.*, 532 F.3d 940, 943 (9th Cir. 2008) (ERISA preempts all state laws unless those laws "regulate insurance"); *Tingey v. Pixley–Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir.1992) (ERISA preempts state law claim for breach of the covenant of good faith and fair dealing); *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 631-32 (9th Cir. 1990) (breach of contract and state law torts preempted); *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1987) (breach of contract claim preempted); *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1356 (9th Cir. 1984) (state common law claims for breach of contract and implied contract, promissory estoppel, estoppel by conduct and fraud and deceit are preempted under ERISA); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1087 (C.D. Cal. 2011) (plaintiffs' state law claims for intentional interference with contract and breach of contract preempted).

Plaintiff's state law claim is preempted because the Complaint "necessarily references an ERISA Plan." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1191 (9th Cir. 2010) (dismissing state law claims as preempted by ERISA). Plaintiff's state law claim is based on his claim for short term disability benefits under the Plan. *See, e.g., Zavala v. Trans-System, Inc.*, 258 Fed.Appx. 155, 156 (9th Cir. 2007) (holding that plaintiff's state law tort claims were preempted because "all of

1 Plaintiff's state-law claims rest on the failure to grant benefits under the ERISA
2 plan.").

### IV. CONCLUSION

Plaintiff's sole state law claim involves benefits under an ERISA plan and is, therefore, preempted by ERISA. Because Plaintiff's claim is preempted, his Complaint should be dismissed in its entirety pursuant to Federal Rule 12(b)(6).

DATED: March 6, 2020              TRUCKER ✦ HUSS

By: /s/ Clarissa A. Kang
    Clarissa A. Kang
    Brian D. Murray
    Attorneys for Defendant
    APPLE INC.